United States District Court
Southern District of Texas
ENTERED
August 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P.,

Plaintiffs,

v.

TIJERINA GROUP, LLC, HOUTXVZW INC., SUNWAXX, AND SERGIO D. TIJERINA,

Defendants.

Civil Action No: 4:16-cv-01200-GHM

**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST ALL DEFENDANTS**

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendants Tijerina Group, LLC, Houtxvzw Inc., Sunwaxx, and Sergio D. Tijerina ("Defendants") because Defendants are engaged in the unlawful hacking into Sprint's protected computer networks for the purpose of checking, verifying, or clearing an electronic serial number, mobile equipment identifier (MEID), International Mobile Station Equipment Identity (IMEI) or any other unique identifier for a mobile device (collectively, "ESN check"). After performing the illegal ESN check, Defendants' co-conspirators sell the trafficked Sprint phones domestically, for use by major retailers in their warranty programs.

Sprint wireless handsets ("Sprint Phones" or "Phones") are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones and prohibit accessing Sprint's network for illegal or harmful use. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and posted on

Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and services; (d) not to use the Phones for a purpose that could damage or adversely affect Sprint; (e) not to engage in fraudulent conduct, falsification or impersonation; and (f) not to hack into Sprint's computer systems.

Sprint has asserted claims against Defendants for breach of contract, unfair competition, tortious interference with business relations, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, common law fraud and fraudulent misrepresentation, conspiracy to induce breach of contract, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, and violations of Tex. Bus. & Com. Code Ann. § 16.103. Based on the respective positions advocated by the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:










Sprint

**Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.**

3. The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of Sprint Phones. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; (d) not to use the Phones for a purpose that could damage or adversely affect Sprint; (e) not to engage in fraudulent conduct, falsification or impersonation; and (f) not to hack into Sprint's computer systems.

4. The Court finds that Defendants provided their unlawful ESN checking services to various handset traffickers, including, but not limited to, Wireless Buybacks, LLC ("Wireless Buybacks") and Simple Cell, Inc. ("Simple Cell").

5. The Court finds that Wireless Buybacks and Simple Cell routinely contacted Defendants and requested that Defendants conduct ESN checks on various Sprint Phones. Wireless Buybacks and Simple Cell made these requests knowing that Defendants must hack into Sprint's protected computer networks to conduct the illegal ESN check. After receiving the requests from Wireless Buybacks and/or Simple Cell, Defendants hacked into Sprint's protected computer networks using certain confidential passwords and misrepresentations to unlawfully obtain information regarding each Sprint Phone. After obtaining the information illegally, Defendants provided the unlawfully obtained results of their ESN checks to Wireless Buybacks and Simple Cell. After receiving the ESN check results, Wireless Buybacks and Simple Cell unlawfully resold those Sprint Phones either overseas or domestically, for use by major retailers in their warranty programs.

6. The Court finds that Defendants have conducted at least 108,114 unlawful ESN checks for Sprint Phones for Wireless Buybacks.

7. The Court finds that Defendants have conducted at least 533 unlawful ESN checks for Sprint Phones for Simple Cell.

8. The Court finds that in total, Defendants have performed over 3 million ESN checks for various handset traffickers and continue to perform ESN checks on Sprint Phones. In August 2013, Defendants performed over 11,000 unlawful ESN checks on Sprint Phones.

9. The Court finds that the conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes breach of contract, unfair competition, tortious interference with business relations, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent

misrepresentation, unjust enrichment, common law fraud and fraudulent misrepresentation, conspiracy to induce breach of contract, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., contributory trademark infringement, conversion, and violations of Tex. Bus. & Com. Code Ann. § 16.103.

10. The Court further finds that Defendants were engaged in a conspiracy with Wireless Buybacks and Simple Cell to commit fraud and make fraudulent misrepresentations to Sprint in order to obtain access to Sprint's protected computer networks to conduct ESN checks. The ESN checks were necessary for Wireless Buybacks and Simple Cell to unlawfully resell the Sprint Phones domestically, for use by major retailers in their warranty programs.

11. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

12. Final judgment is hereby entered against Defendants Tijerina Group, LLC, Houtxvzw Inc., Sunwaxx, and Sergio D. Tijerina, jointly and severally, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint. Final judgment is hereby entered against Defendants Tijerina Group, LLC, Houtxvzw Inc., and Sunwaxx, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

13. For all Sprint brands, now and in the future, including but not limited to Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, PayLo and Assurance Wireless, Defendants and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries,

affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

a. acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Sprint Phones;

b. accessing, directly or indirectly through a third-party, any websites, computers, software programs or any other location or application, for the purpose of checking, verifying, changing, modifying, cleaning or clearing an electronic serial number, mobile equipment identifier (MEID), International Mobile Station Equipment Identity (IMEI) or any other unique identifier for a mobile device (collectively, "ESN check");

c. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

d. acquiring, advertising or reselling Sprint services;

    e. engaging in any of the conduct described in the Complaint as the "Handset Theft and Trafficking Scheme;"

f. communicating with Sprint or its representatives or Sprint customers for or in connection with Sprint products or services;

g. accessing Sprint's computer networks either directly or through a Sprint representative or customer or a third-party;

h. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones;

i. knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

j. holding herself out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Sprint; and

k. advertising any products or services that have any purported connection to Sprint or any of Sprint's affiliates.

14. The address of Tijerina Group, LLC is 6738 Providence View Lane, Houston, Texas 77049.

15. The address of Houtxvzw Inc. is 6738 Providence View Lane, Houston, Texas 77049.

16. The address of Sunwaxx is 6738 Providence View Lane, Houston, Texas 77049.

17. The address of Sergio D. Tijerina is 6738 Providence View Lane, Houston, Texas 77049.

18. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives their right of appeal from the entry of this Final Judgment.

19. The purchase, sale or shipment of any Sprint Phones or engaging in any ESN checks without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this Permanent Injunction.

20. The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against Defendant Sergio Tijerina.

21. The Court retains jurisdiction over this matter and the parties to this action to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each ESN check conducted and/or every new Sprint Phone that Defendants are found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendants violate the terms of this Order.

22. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 30 day of August, 2016.

THE HONORABLE GRAY H. MILLER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Pro Se Parties and Counsel of Record